# SUPREME COURT

# SPECIAL TERM REPORTS.

---

## VOL. 3.  NO. 9.

---

JOHN HARTNESS and others vs. EZRA B. BENNETT.

A Plaintiff has no right to adjudge an answer frivolous and treat it as a nullity, so long as it is regularly put in and duly verified. *Swift* v. *De Witt*, ante, p. 280.

Where the answer sets up new matter as a defence, (presenting an issue of law,) which is deemed by the Plaintiff to be insufficient under § 128 of the code, and clearly frivolous, he should notice the cause for trial at the next circuit; and may also notice the answer as frivolous, and thus expedite the decision.

*It seems*, also, that the Plaintiff, in such a case, may give immediate notice of special motion (five days' notice) to strike out the answer (or plea) as frivolous, before a justice at chambers, who would have authority to hear it, by § 360.

*Albany, Sept.* 26, 1848.—This was a motion to set aside the judgment and subsequent proceedings in this cause, for irregularity. The facts appear sufficiently in the opinion of the court.

J. NEWLAND, *for Defendant.*

H. HARRIS, *for Plaintiffs.*

PARKER, Justice.—This action was commenced by service of summons and copy complaint on 18th August last; and was brought to recover the amount due on a promissory note. On the 7th Sept. inst. the Defendant filed his answer, duly verified, and served a copy on Plaintiffs' attorney. The answer alleged "that the promissory note mentioned in the said complaint was payable by its terms at the Canal Bank of Albany, and that the said note was not presented for payment at the said Canal Bank of Albany, the place where the same was payable, on the day that the same became due." The Plaintiffs' attorney treated the answer as a nullity, and entered judgment. The copy answer served was not returned, nor was any notice given to the Defendant's attorney

that it would be disregarded, and the attorney for Defendant did not learn till the 11th of Sept. inst., that judgment had been entered.

The counsel for Plaintiffs insists that because the new matter set up in the answer did not "constitute a defence," according to the language used in the second subdivision of section 128 of the code, he had a right to treat it as a nullity. In this I think he erred. The fact alleged in the answer not being controverted by reply, presented an issue of law under the 204th section. The Plaintiff had not a right to adjudge the answer frivolous, nor could he treat it as a nullity, so long as it was regularly put in and duly verified. (*Swift* v. *Dewitt,* 3 Howard's Sp. Term Rep. 280.) An issue of law being presented, the Plaintiff should have noticed it for trial at the next Circuit Court, and if Plaintiff deemed it frivolous, he might have noticed it as such and thus have expedited the decision.

I think, also, he might have given immediate notice of a special motion to strike-out the plea as frivolous. Such a motion could have been made before one of the justices of this court at chambers, (§ 360) on five days' notice, (§ 374.) Unless such a practice is permitted, there will be great delay and abuse under the Code of Procedure, by putting in answers, which set up some new matter having no connection whatever with the demand on which the action is brought. Where an answer is clearly frivolous, it ought to be struck out as such on motion. By such a prompt administration of justice the abuse would be speedily corrected; without it, it will become an evil under the new system much greater than that which formerly existed from putting in frivolous demurrers. The motion must be granted. Judgment set aside.